**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GEORGE T. KELLY; LORI SAVOY-KELLY, <br><br> Debtors, <br><br>_____ <br><br> J.A.W. LAND & TRADING, LLC, a California Limited Liability Company, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> GEORGE T. KELLY; LORI SAVOY-KELLY, <br><br> Defendants - Appellants. | No. 13-56792 <br><br> D.C. No. 3:12-cv-00754-GPC-DHB <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued November 3, 2015
Submitted January 27, 2016
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Debtors George and Lori Kelly appeal the district court's judgment affirming the bankruptcy court's ruling that their debt to J.A.W. Land & Trading, LLC ("J.A.W.") was nondischargeable as fraudulent pursuant to 11 U.S.C. § 523(a)(2)(A). The bankruptcy court found, after a three-day bench trial, that the Kellys had failed to disclose the existence of a stop work order on the Boulevard property securing the loan. The bankruptcy court further found that J.A.W. believed the property had substantial equity and the value of the property was a "substantial factor" in its decision to make the loan. The findings are fully supported by the record.

The Kellys contended for the first time on appeal that the debt should be dischargeable as to Lori Kelly because she was not sufficiently involved in the fraud. Because the Kellys failed to adequately present this argument to the bankruptcy court, it is waived. *See Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673, 682 n.11 (9th Cir. 1999).

Even assuming the March 2009 Modification Agreement lacked independent consideration, the Kellys still would have been obligated to repay the March 2009 disbursement, as well as all prior disbursements, pursuant to the original agreement.

2

In their post-argument supplemental brief, Appellants contend that the debt should be allocated among the properties, so that only a portion, that attributable to the Boulevard and Fourth Place properties, would be nondischargeable. This argument fails because the bankruptcy court found that the value of the Boulevard property was a critical factor in J.A.W.'s decision to lend the money in the first place. *See* 11 U.S.C. § 523(a)(2)(A); *see also Cohen v. De La Cruz*, 523 U.S. 213, 218–19 (1998).

**AFFIRMED**.